**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 2 4 2016

JAMES W. McCORMACK, CLERK
By: 
    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

BETTY J. HERRON and WILLIE G. HERRON
Individually and as Husband and Wife            PLAINTIFFS

VS.     NO. 3:16CV060-DPM

GREGORY V. BABB and
TWO RIVERS, INC.            DEFENDANTS

## NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§ 1441 and 1446, defendants Gregory V. Babb and Two Rivers, Inc., file this notice of the removal of this action from the Circuit Court of Crittenden County, Arkansas, to the United States District Court for the Eastern District of Arkansas, Jonesboro Division. Removal jurisdiction based upon diversity of citizenship, 28 U.S.C. § 1332, is founded on the following:

1.     This case, styled *Betty J. Herron and Willie G. Herron, Individually and as Husband and Wife v. Gregory V. Babb and Two Rivers, Inc.*, was filed on January 21, 2016, in the Circuit Court of Crittenden County, Arkansas, as civil action number CV2016-43 on the docket of that Court. This lawsuit is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

2.     Defendants were each served with a summons and copy of the complaint on January 27, 2016. This notice of removal is filed within thirty (30) days (or the first filing day thereafter) of the first delivery of a summons and

This case assigned to District Judge __Marshall__
and to Magistrate Judge __Deere__

1297880-v1

complaint to defendants and is therefore timely filed pursuant to 28 U.S.C. § 1445(d).

3. Pursuant to 28 U.S.C. § 1446(a), defendants attach as Exhibit A to this notice the summonses served on the defendants, the complaint, and the defendants' answer to the complaint in this action, which constitute all "process, pleadings and orders" served to date. There are no pending motions in this action.

4. This case is removed pursuant to 28 U.S.C. § 1332(a) because this action is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. Upon information and belief, and according the allegations of the complaint, plaintiffs are individual citizens and residents of the State of Tennessee. (*See* Exhibit A, Complaint ¶ I.)

6. Defendant Two Rivers, Inc., is a corporation organized under the laws of the State of Wisconsin, with its principal place of business in Rosemount, Minnesota. Defendant Two Rivers, Inc., is deemed to be a citizen of Wisconsin and Minnesota for the purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

7. Defendant Gregory V. Babb is an individual citizen and resident of the State of Illinois.

8. The plaintiffs' complaint demands damages of $550,000 for plaintiff Betty J. Herron and of $175,000 for plaintiff Willie G. Herron. (Exhibit A, Prayer to Complaint ¶¶ 2, 3.) The amount of this demand is "deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).

9. Accordingly, this Court has original diversity jurisdiction of this action pursuant to 28 U.S.C. § 1332(a), and the action is removable pursuant to 28 U.S.C. § 1441(a).

10. The United States District Court for the Eastern District of Arkansas, Jonesboro Division, embraces the county in which the state court action is now pending.

11. Written notice of the filing of this notice will promptly be given to plaintiffs, and together with a copy of this notice of removal, will be filed with the Circuit Court of Crittenden County, Arkansas, as provided in 28 U.S.C. § 1446(d).

12. Undersigned counsel states that this removal is well grounded in fact, warranted by existing law, and not interposed for any improper purpose.

13. Defendants expressly reserve any and all defenses which may be available to them in this action.

WHEREFORE, defendants Gregory V. Babb and Two Rivers, Inc., remove this action from the Circuit Court of Crittenden County, Arkansas, to the United States District Court for the Eastern District of Arkansas, Jonesboro Division, and seek resolution by this Court of all issues raised herein.

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: jsallings@wlj.com
        mthompson@wlj.com

By /s/ *signature*

Jerry J. Sallings (84134)
Michael A. Thompson (2010146)
*Attorneys for Defendants*


## CERTIFICATE OF SERVICE

On February 24, 2016, a copy of the foregoing was served by U.S. mail on the following:

Mr. W. David Cheek
GATTI, KELTNER & BIENVENU & MONTESI
219 Adams Avenue
Memphis, Tennessee 38103

/s/ *signature*
Michael A. Thompson

## SUMMONS

### IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS

___CIVIL___ DIVISION [Civil, Probate, etc.]

BETTYE J. HERRON, and WILLIE G. HERRON,
Individually and As Husband and Wife,
Plaintiffs

v.

No. CV2016-43

GREGORY V. BABB and
TWO RIVERS, INC.
Defendants

**SUMMONS**

THE STATE OF ARKANSAS TO DEFENDANT: Serve through Progressive Private Process
Gregory V. Babb
3395 North Taylor Avenue 1, Decatur, Macon County, Illinois 62526

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) -- or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas -- you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: W. David Cheek 219 Adams Avenue Memphis, Tennessee 38103

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office

100 Court Street

West Memphis, AR 72301

Terry Hawkins, Clerk
by [signature]
[Signature of Clerk or Deputy Clerk]
Date: January 21, 2016

[SEAL]

1-27-16

**EXHIBIT A**

## SUMMONS

## IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS

        __CIVIL__ DIVISION [Civil, Probate, etc.]
BETTYE J. HERRON, and WILLIE G. HERRON,
Individually and As Husband and Wife,
Plaintiffs

v.

No. CV2016-43

GREGORY V. BABB and
TWO RIVERS, INC.
Defendants         SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:** Serve through Progressive Private Process
TWO RIVERS, INC.
SERVE ANY AGENT OR OFFICER AUTHORIZED TO
ACCEPT SERVICE

1256 Main Street, Junction City, Wisconsin 54443

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) -- or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas -- you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: W. David Cheek 219 Adams Avenue Memphis, Tennessee 38103

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office

100 Court Street

West Memphis, AR 72301

Terry Hawkins, Clerk
by [signature]
[Signature of Clerk or Deputy Clerk]
Date: January 21, 2016

[SEAL]

32727/WDC

FILED
at 11:0 o'clock A.m
JAN 21 2016
TERRY HAWKINS
CIRCUIT CLERK

THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
CIVIL DIVISION

BETTY J. HERRON, and WILLIE G. HERRON,
Individually and As Husband and Wife,

    Plaintiffs,

vs.

Docket No: CV2016-43
JURY DEMAND

GREGORY V. BABB, and
TWO RIVERS, INC.

    Defendants.

## COMPLAINT

Comes now the Plaintiffs, Betty J. Herron, and Willie G. Herron, Individually and as husband and wife, and would show unto the Court as follows:

I.

That your Plaintiffs are resident citizens of Memphis, Shelby County, Tennessee; that your Defendant, Gregory V. Babb, is assumed to be a citizen and resident of Decatur, Macon County, Illinois; and that your Defendant Two Rivers, Inc. is a company licensed and authorized to do business in the State of Wisconsin.

II.

That on or about February 18, 2013, Plaintiff Betty J. Herron, while operating a 2006 Chevrolet Malibu automobile, owned and registered in the name of Betty J. Herron and Willie G. Herron, bearing a Tennessee license plate number 977LWR, was traveling in a westbound direction on Interstate 40, in West

i

Memphis, Crittenden County, Arkansas. The Defendant, Gregory V. Babb, while operating a 2000 Peterbilt Tractor Truck automobile, bearing an Illinois license plate number 85980W, owned and registered in the name of same, with permission and/or on or about the business of Two Rives, Inc., was also traveling in a westbound direction on Interstate 40 in West Memphis, Crittenden County, Arkansas, when he did negligently and carelessly fail to yield to your Plaintiffs vehicle by crossing the lane of traffic, encroaching into your Plaintiff's lane, and striking your Plaintiff's vehicle, throwing your Plaintiff about in the vehicle, thereby causing serious injury to your Plaintiff, Betty J. Herron.

### III.

Negligence of the Defendant driver is imputed to the remaining Defendants under one or more of the following legal theories:

(a) Defendant driver at all times relevant hereto was an agent, servant or employee and/or

(b) Defendants engaged in a joint venture or adventure, and/or;

(c) Defendant driver was on or about the business of the remaining Defendants and/or;

(d) Defendant driver was a permissive user of the vehicle owned by the remaining Defendants, and/or;

(e) The doctrine of respondent superior applies.

### IV.

### ACTS OF NEGLIGENCE

Plaintiffs charge and allege that the Defendants were guilty of the following acts of common law Negligence, each and every one of which was a direct and proximate cause of the Plaintiff's, resulting damages, to wit:

a.   In striking the Plaintiff's vehicle, lawfully traveling on a public highway;

 b. In failing to devote full time and attention to the operation of their vehicle;

 c. In failing to maintain a proper lookout;

 d. In driving their vehicle too fast under the conditions prevailing;

 e. In failing to use that degree of care and caution as was required under the existing circumstance and conditions for the safety of themselves and others properly upon the aforementioned street;

 f. In failing to control the movement, momentum for direction of travel of their vehicle, or to turn or guide the same, as it was his duty to do so, so as to avoid causing a collision to occur, then and thereby injuring Plaintiffs.

### V.

Plaintiffs further charge and allege that at the time of the accident in question, the following Ordinances of the City of West Memphis were in full force and effect and were violated by the Defendants;

**11.12.010 - Reckless driving—Defined.**

Any person who drives any vehicle in such a manner as to indicate either a wilful or a wanton disregard for the safety of persons or property is guilty of "reckless driving."

(Ord. 235 § 1, 1952.)

### VI.

Plaintiffs further charge and allege that at the time of the accident in question, the following Statutes of the State of Arkansas were in full force and effect and were violated by the Defendants;

**27-51-104. Careless and prohibited driving.**

(a) It shall be unlawful for any person to drive or operate any vehicle in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, vehicular or otherwise, or in such a manner as to evidence a failure to maintain proper control on the public thoroughfares or private property in the State of Arkansas.

(b) It shall be unlawful for any person to operate or drive any vehicle on the public thoroughfares or private property in the State of Arkansas in violation of the following prohibited acts:

(1) Improper or unsafe lane changes on public roadways;

(2) Driving onto or across private property to avoid intersections, stop signs, traffic control devices, or

iii

traffic lights;

(3) Driving in such a manner or at such a speed so as to cause a skidding, spinning, or sliding of tires or a sliding of the vehicle;

(4) Driving too close to or colliding with parked or stopped vehicles, fixtures, persons, or objects adjacent to the public thoroughfares;

(5) Driving a vehicle which has any part thereof or any object extended in such fashion as to endanger persons or property;

(6) To operate any vehicle in such a manner which would cause a failure to maintain control;

(7) To operate or drive a vehicle wherein or whereon passengers are located in such a manner as to be dangerous to the welfare of such passengers; or

(8) To operate a vehicle in any manner when the driver is inattentive and such inattention is not reasonable and prudent in maintaining vehicular control.

(c) A person who violates this section shall be subject to a fine not to exceed one hundred dollars ($100).

### 27-51-201. Limitations generally.

(a) (1) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing.

(2) In every event, speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care.

### 27-51-302. Driving on roadways laned for traffic.

Whenever any roadway has been divided into two (2) or more clearly marked lanes for traffic, the following rules in addition to all others consistent with this subchapter shall apply:

(1) A vehicle shall be driven as nearly as practical entirely within a single lane and shall not be moved from the lane until the driver has first ascertained that movement can be made with safety; and

(2) Official signs may be erected directing slower-moving traffic to use a designated lane or allocating specified lanes to traffic moving in the same direction, and drivers of vehicles shall obey the directions of every such sign.

### VII.

That your Plaintiffs charge and allege that as a direct and proximate result of the negligence on the

part of the Defendants, your Plaintiff, Betty J. Herron, suffered severe and permanent personal injuries including, but not limited to:

- (a) Acute cervical strain;
- (b) Left trapezius muscle strain;
- (c) Neck sprain;
- (d) Back pain;
- (e) Leg pain;
- (f) Chest Contusion;
- (g) Headaches;
- (h) Great physical pain and mental anguish;
- (i) Impaired ability to enjoy the normal pleasures of life;
- (j) Loss of income and earning capacity past and future; and
- (k) Injuries more particularly described in the medical records.

## VIII.

That further, your Plaintiffs charge and allege that as a direct and proximate result of the negligence of the Defendants, she sustained damages to their property.

## IX.

As a direct and proximate result of the negligence of the Defendants and the resulting collision, your Plaintiff, Willie G. Herron, suffered the loss of the services and companionship of his wife, Betty J. Herron.

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS RESPECTFULLY PRAY:**

1. That proper process issue against the Defendants requiring them to plead and answer.

2. That Plaintiff, Betty J. Herron, be awarded compensatory damages in the amount of FIVE HUNDRED FIFTY THOUSAND and 00/100 ($550,000.00) DOLLARS.

3. That Plaintiff, Willie G. Herron, be awarded compensatory damages in the amount of ONE HUNDRED SEVENTY FIVE THOUSAND and 00/100 ($175,000.00) DOLLARS.

4. That the Plaintiff be granted whatever other relief, general or specific, this Court deems equitable and just.

5. Plaintiffs demand a Jury to try these issues when joined.

Respectfully submitted,

GATTI, KELTNER & BIENVENU & MONTESI

W. David Cheek (#95079)
Attorney for Plaintiff(s)
219 Adams Avenue
Memphis, TN 38103
901-526-2126

vi

FILED
at 1:05 o'clock P..m
FEB 2 2 2016
TERRY HAWKINS
CIRCUIT CLERK

IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
CIVIL DIVISION

BETTY J. HERRON and WILLIE G. HERRON
Individually and as Husband and Wife          PLAINTIFFS

VS.                    NO. CV2016-43

GREGORY V. BABB and
TWO RIVERS, INC.                              DEFENDANTS

## ANSWER TO COMPLAINT

Defendants Gregory V. Babb and Two Rivers, Inc., for their answer to the plaintiffs' complaint:

1. State that they are without knowledge and information sufficient to form a belief as to the truth of the allegations regarding the plaintiffs' residency and citizenship in paragraph I of the plaintiffs' complaint, and, therefore, deny those allegations; admit the remaining allegations in paragraph I of the plaintiffs' complaint.

2. Admit that on or about February 18, 2013, on Interstate 40 West in or near West Memphis, Arkansas, an accident occurred involving a 2006 Chevrolet Malibu owned by the plaintiffs and operated by plaintiff Betty J. Herron and a 2000 Peterbilt tractor owned by defendant Two Rivers, Inc., and operated by defendant Gregory V. Babb; admit that at the time of the subject accident, defendant Gregory V. Babb was an employee of defendant Two Rivers, Inc., and was in the course and scope of his employment; but deny the remaining allegations in paragraph II of the plaintiffs' complaint.

1297480-v1

3. Admit that at the time of the subject accident, defendant Gregory V. Babb was an employee of defendant Two Rivers, Inc., and was in the course and scope of his employment; but deny the remaining allegations in paragraph III of the plaintiffs' complaint.

4. Deny the allegations in paragraph IV of the plaintiffs' complaint, including subparts (a) through (f).

5. Deny the allegations in paragraph V of the plaintiffs' complaint.

6. Deny the allegations in paragraph VI of the plaintiffs' complaint.

7. Deny that defendants were guilty of any negligence or fault on the occasion alleged that directly and proximately caused injuries and damages to the plaintiffs; and deny all other allegations in paragraph VII of the plaintiffs' complaint, including subparts (a) through (k).

8. Deny that defendants were guilty of any negligence or fault on the occasion alleged that directly and proximately caused injuries and damages to the property of the plaintiffs; and deny all other allegations in paragraph VIII of the plaintiffs' complaint.

9. Deny that defendants were guilty of any negligence or fault on the occasion alleged that directly and proximately caused injuries and damages to the plaintiffs; and deny all other allegations in paragraph IX of the plaintiffs' complaint.

10. Deny that the plaintiffs are entitled to recover judgment against defendants for damages in any amount or for any other legal or equitable relief; join

in plaintiffs' demand for a trial by jury; and deny all other allegations in the prayer of the plaintiffs' complaint, including subparts (1) through (5).

11. State that any material allegation in the complaint not specifically admitted in this answer is denied.

12. State that any damages suffered by plaintiffs were proximately caused by the plaintiffs or others over whom defendants had no control, and to whom defendants owed no duty. Therefore, move this court for apportionment of fault pursuant to Ark. Code Ann. §§ 16-61-201 et seq. and 16-64-122.

13. Affirmatively plead all defenses, all limitations of damages and recovery and all procedural requirements set forth in the Arkansas Civil Justice Reform Act of 2003, as amended (Ark. Code Ann. § 16-55-201, et seq.) to the extent applicable.

14. Move to dismiss pursuant to Rule 12(b)(4) of the Ark. R. Civ. P. for insufficiency of process.

15. Move to dismiss pursuant to Rule 12(b)(5) of the Ark. R. Civ. P. for insufficiency of service of process.

16. Move to dismiss pursuant to Rule 12(b)(6) of Ark. R. Civ. P. for failure to state a claim upon which relief may be granted.

17. Assert that the plaintiffs' complaint is barred by the applicable statute of limitations.

18.     Assert that any claim for property damages and/or loss of use of the plaintiffs' automobile is subject to the affirmative defenses of accord and satisfaction, payment, release, and set-off.

19.     Assert that the plaintiffs have failed to mitigate their claimed damages.

20.     Plead by way of reservation all affirmative defenses available pursuant to Ark. R. Civ. P. 8(c).

21.     Reserve the right to plead further upon completion of discovery.

22.     Demand a trial by jury.

>WRIGHT, LINDSEY & JENNINGS LLP
>200 West Capitol Avenue, Suite 2300
>Little Rock, Arkansas 72201-3699
>(501) 371-0808
>FAX: (501) 376-9442
>E-MAIL: jsallings@wlj.com
>           mthompson@wlj.com
>
>By _____
>Jerry J. Sallings (84134)
>Michael A. Thompson (2010146)
>*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

On February 22, 2016, a copy of the foregoing was served by U.S. mail on the following:

Mr. W. David Cheek
GATTI, KELTNER & BIENVENU & MONTESI
219 Adams Avenue
Memphis, Tennessee 38103

Michael A. Thompson