32727/WDC

FILED
at 11:01 o'clock A. m
JAN 21 2016
TERRY HAWKINS
CIRCUIT CLERK

# THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
## CIVIL DIVISION

BETTY J. HERRON, and WILLIE G. HERRON,
Individually and As Husband and Wife,

    Plaintiffs,

vs.       Docket No. CV2016-43
JURY DEMAND

GREGORY V. BABB, and
TWO RIVERS, INC.

    Defendants.

## COMPLAINT

Comes now the Plaintiffs, Betty J. Herron, and Willie G. Herron, Individually and as husband and wife, and would show unto the Court as follows:

I.

That your Plaintiffs are resident citizens of Memphis, Shelby County, Tennessee; that your Defendant, Gregory V. Babb, is assumed to be a citizen and resident of Decatur, Macon County, Illinois; and that your Defendant Two Rivers, Inc. is a company licensed and authorized to do business in the State of Wisconsin.

II.

That on or about February 18, 2013, Plaintiff Betty J. Herron, while operating a 2006 Chevrolet Malibu automobile, owned and registered in the name of Betty J. Herron and Willie G. Herron, bearing a Tennessee license plate number 977LWR, was traveling in a westbound direction on Interstate 40, in West

i

Memphis, Crittenden County, Arkansas. The Defendant, Gregory V. Babb, while operating a 2000 Peterbilt Tractor Truck automobile, bearing an Illinois license plate number 85980W, owned and registered in the name of same, with permission and/or on or about the business of Two Rives, Inc., was also traveling in a westbound direction on Interstate 40 in West Memphis, Crittenden County, Arkansas, when he did negligently and carelessly fail to yield to your Plaintiffs vehicle by crossing the lane of traffic, encroaching into your Plaintiff's lane, and striking your Plaintiff's vehicle, throwing your Plaintiff about in the vehicle, thereby causing serious injury to your Plaintiff, Betty J. Herron.

## III.

Negligence of the Defendant driver is imputed to the remaining Defendants under one or more of the following legal theories:

    (a) Defendant driver at all times relevant hereto was an agent, servant or employee and/or

    (b) Defendants engaged in a joint venture or adventure, and/or;

    (c) Defendant driver was on or about the business of the remaining Defendants and/or;

    (d) Defendant driver was a permissive user of the vehicle owned by the remaining Defendants, and/or;

    (e) The doctrine of respondent superior applies.

## IV.

## ACTS OF NEGLIGENCE

Plaintiffs charge and allege that the Defendants were guilty of the following acts of common law Negligence, each and every one of which was a direct and proximate cause of the Plaintiff's, resulting damages, to wit:

    a.    In striking the Plaintiff's vehicle, lawfully traveling on a public highway;

b.  In failing to devote full time and attention to the operation of their vehicle;

c.  In failing to maintain a proper lookout;

d.  In driving their vehicle too fast under the conditions prevailing;

e.  In failing to use that degree of care and caution as was required under the existing circumstance and conditions for the safety of themselves and others properly upon the aforementioned street;

f.  In failing to control the movement, momentum for direction of travel of their vehicle, or to turn or guide the same, as it was his duty to do so, so as to avoid causing a collision to occur, then and thereby injuring Plaintiffs.

### V.

Plaintiffs further charge and allege that at the time of the accident in question, the following Ordinances of the City of West Memphis were in full force and effect and were violated by the Defendants;

**11.12.010 - Reckless driving—Defined.**

Any person who drives any vehicle in such a manner as to indicate either a wilful or a wanton disregard for the safety of persons or property is guilty of "reckless driving."

*(Ord. 235 § 1, 1952.)*

### VI.

Plaintiffs further charge and allege that at the time of the accident in question, the following Statutes of the State of Arkansas were in full force and effect and were violated by the Defendants;

**27-51-104. Careless and prohibited driving.**

(a) It shall be unlawful for any person to drive or operate any vehicle in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, vehicular or otherwise, or in such a manner as to evidence a failure to maintain proper control on the public thoroughfares or private property in the State of Arkansas.

(b) It shall be unlawful for any person to operate or drive any vehicle on the public thoroughfares or private property in the State of Arkansas in violation of the following prohibited acts:

(1) Improper or unsafe lane changes on public roadways;

(2) Driving onto or across private property to avoid intersections, stop signs, traffic control devices, or

traffic lights;

(3) Driving in such a manner or at such a speed so as to cause a skidding, spinning, or sliding of tires or a sliding of the vehicle;

(4) Driving too close to or colliding with parked or stopped vehicles, fixtures, persons, or objects adjacent to the public thoroughfares;

(5) Driving a vehicle which has any part thereof or any object extended in such fashion as to endanger persons or property;

(6) To operate any vehicle in such a manner which would cause a failure to maintain control;

(7) To operate or drive a vehicle wherein or whereon passengers are located in such a manner as to be dangerous to the welfare of such passengers; or

(8) To operate a vehicle in any manner when the driver is inattentive and such inattention is not reasonable and prudent in maintaining vehicular control.

(c) A person who violates this section shall be subject to a fine not to exceed one hundred dollars ($100).

### 27-51-201. Limitations generally.

(a) (1) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing.

(2) In every event, speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care.

### 27-51-302. Driving on roadways laned for traffic.

Whenever any roadway has been divided into two (2) or more clearly marked lanes for traffic, the following rules in addition to all others consistent with this subchapter shall apply:

(1) A vehicle shall be driven as nearly as practical entirely within a single lane and shall not be moved from the lane until the driver has first ascertained that movement can be made with safety; and

(2) Official signs may be erected directing slower-moving traffic to use a designated lane or allocating specified lanes to traffic moving in the same direction, and drivers of vehicles shall obey the directions of every such sign.

### VII.

That your Plaintiffs charge and allege that as a direct and proximate result of the negligence on the

part of the Defendants, your Plaintiff, Betty J. Herron, suffered severe and permanent personal injuries including, but not limited to:

    (a)    Acute cervical strain;

    (b)    Left trapezius muscle strain;

    (c)    Neck sprain;

    (d)    Back pain;

    (e)    Leg pain;

    (f)    Chest Contusion;

    (g)    Headaches;

    (h)    Great physical pain and mental anguish;

    (i)    Impaired ability to enjoy the normal pleasures of life;

    (j)    Loss of income and earning capacity past and future; and

    (k)    Injuries more particularly described in the medical records.

## VIII.

That further, your Plaintiffs charge and allege that as a direct and proximate result of the negligence of the Defendants, she sustained damages to their property.

## IX.

As a direct and proximate result of the negligence of the Defendants and the resulting collision, your Plaintiff, Willie G. Herron, suffered the loss of the services and companionship of his wife, Betty J. Herron.

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS RESPECTFULLY PRAY:**

1. That proper process issue against the Defendants requiring them to plead and answer.

2. That Plaintiff, Betty J. Herron, be awarded compensatory damages in the amount of FIVE HUNDRED FIFTY THOUSAND and 00/100 ($550,000.00) DOLLARS.

3. That Plaintiff, Willie G. Herron, be awarded compensatory damages in the amount of ONE HUNDRED SEVENTY FIVE THOUSAND and 00/100 ($175,000.00) DOLLARS.

4. That the Plaintiff be granted whatever other relief, general or specific, this Court deems equitable and just.

5. Plaintiffs demand a Jury to try these issues when joined.

Respectfully submitted,

GATTI, KELTNER & BIENVENU & MONTESI

W. David Cheek (#95079)
Attorney for Plaintiff(s)
219 Adams Avenue
Memphis, TN 38103
901-526-2126

vi